UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

J'Min A. Ward,

                      Petitioner,                    **DECISION AND ORDER**

      -against-                               20 Civ. 1899 (PMH) (AEK)

P. Piccolo, Superintendent,

                      Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       Petitioner J'Min A. Ward, proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1 ("Petition"). Currently before the Court is Petitioner's motion for release on bail. ECF Nos. 27-30, 36-39.

       Petitioner's arguments in favor of the grant of bail are that (1) his Petition raises substantial claims; and (2) extraordinary circumstances exist since Petitioner contracted COVID-19 while in custody, and the best way to reduce the risk from COVID-19 in prisons is to reduce the prison population by releasing inmates. <u>See</u> ECF No. 30 (Memorandum in Support of Motion for Bail)[1]; <u>see also</u> ECF Nos. 36-39. Respondent opposes the motion, arguing that since Petitioner neither remained out on bail pending the determination of his state court appeal nor received a short sentence, this is not a case where "the equities might favor the granting of such relief." ECF No. 33-1 ¶ 9. Additionally, Respondent opposes the grant of bail on the ground that Petitioner's claims do not warrant habeas relief. <u>Id.</u> ¶¶ 9-10.

---

[1] Petitioner filed virtually the same memorandum in support at ECF No. 28, except that it is missing a page that is included in ECF No. 30.

"[T]he federal courts have inherent authority to admit to bail individuals properly within their jurisdiction." Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001); see Grune v Coughlin, 913 F.2d 41, 43-44 (2d Cir. 1990). But the power of a federal court to grant bail to a habeas petitioner "is a limited one, to be exercised in special cases only." Mapp, 241 F.3d at 226. The Second Circuit in Mapp explained that the "standard for bail pending habeas litigation is a difficult one to meet," and stated that a petitioner seeking bail "must demonstrate [1] that the habeas petition raises substantial claims and [2] that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." Id. (quotation marks and brackets omitted). "'In short, the court asks whether this case is distinguishable from other habeas corpus cases.'" Moore v. Vann, 9:20-CV-0012 (DNH), 2020 WL 2315694, at *1 (N.D.N.Y. May 11, 2020)[2] (alterations omitted) (quoting Jackson v. Bennett, No. 01-cv-8971 (NRB), 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002)).

Without deciding whether Petitioner has raised substantial claims in his Petition, the Court concludes that Petitioner has not established the existence of extraordinary circumstances that warrant the relief he seeks.[3] "The fact that petitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance." Id.; see generally Iuteri v. Nardoza, 662 F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and finding "nothing unusual" about petitioner's argument that, "if the habeas writ is granted, it will

---

[2] In accordance with Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case, which is unpublished or only available by electronic database, shall be simultaneously delivered to pro se Petitioner along with this Decision and Order.

[3] Because of the two-pronged standard set forth in Mapp, it is not necessary for the Court to reach the merits of the underlying Petition in this action in order to rule on the motion for bail. Accordingly, nothing in this Order should be interpreted as a ruling on the merits of the Petition.

mean that his incarceration . . . would have been without basis," given that "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful").

Nor is the risk of transmission of COVID-19 in the prison system itself an extraordinary circumstance in this context.  Petitioner has provided proof that he was taking medication for high blood pressure, see ECF No. 36 at 4, but this is not sufficient to establish that Petitioner is at severe risk for a potentially lethal future outcome involving COVID-19.  Indeed, the fact that Petitioner already contracted COVID-19 during his incarceration, see ECF No. 30 at 7, belies such an argument, and does not separately present an extraordinary circumstance warranting release.  Petitioner appears to have recovered from his COVID-19 infection, and he has made no showing that he faces any particular heightened ongoing health risk from the virus.  Notably, while the standards are not the same, it is instructive that multiple courts in this district have denied motions from federal inmates seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic where the petitioners had previously been infected during their time in custody.  See, e.g., United States v. Russo, 454 F. Supp. 3d 270, 279 (S.D.N.Y. 2020); United States v. Zubkov, 460 F. Supp. 3d 450, 457 (S.D.N.Y. 2020).  "In sum, petitioner has not made any showing that his is a 'special case' and that extraordinary circumstances exist such that release is necessary to make the habeas corpus remedy effective." Moore, 2020 WL 2315694, at *2 (quotation marks and brackets omitted).

4

Accordingly, Petitioner's motion for release on bail is DENIED. Again, the Court makes no determination regarding the merits of any of the claims raised in the Petition.

Dated: August 20, 2021
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Decision and Order has been mailed to Petitioner by Chambers.