UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
J'MIN A. WARD,

                       Petitioner,                   **DECISION AND ORDER**

      -against-                                20 Civ. 1899 (PMH) (AEK)

P. PICCOLO, SUPERINTENDENT,

                       Respondent.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Petitioner J'Min A. Ward, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Currently before the Court is Petitioner's motion for reconsideration, pursuant to Local Civil Rule 6.3 of the Local Civil Rules of the Southern and Eastern Districts of New York ("Local Civil Rule 6.3"), of the Court's denial of his motion for release on bail.  ECF No. 48; *see* ECF Nos. 49, 51-53.  Respondent opposes the motion for reconsideration on the ground that Petitioner "presents no new arguments in support of the motion and otherwise fails to demonstrate that the Court misapprehended either the facts or the applicable law when it denied the motion."  ECF No. 50 ¶ 9.

      For the reasons that follow, the motion for reconsideration is DENIED.

## DISCUSSION

### I. Applicable Legal Standard

      "In the interests of finality and conservation of scarce judicial resources, the Court will grant reconsideration of its orders only in extraordinary circumstances."  *Nutting v. Zimmer, Inc.*,

No. 18-md-2859 (PAC), 2021 WL 4251906, at *1 (S.D.N.Y. Sept. 17, 2021)[1] (quotation marks and alteration omitted).  "A party moving for reconsideration under Local Civil Rule 6.3 must 'point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Id.* (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "[Local Civil] Rule 6.3 is intended to ensure the finality of decisions and to prevent the practice of a losing party plugging the gaps of a lost motion with additional matters.  A court must narrowly construe and strictly apply [Local Civil] Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent [Local Civil] Rule 6.3 from being used to advance different theories not previously argued . . . ."  *Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (quotation marks, citations, and alteration omitted).  "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted).

**II.     Analysis**

As set forth in the Court's decision denying Petitioner's motion for release on bail,

> [t]he Second Circuit in *Mapp* [*v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001)] explained that the "standard for bail pending habeas litigation is a difficult one to meet," and stated that a petitioner seeking bail "must demonstrate [1] that the habeas petition raises substantial claims and [2] that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective."  *Id.* (quotation marks and brackets omitted).

---

[1] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case, which is only available from an electronic database, will be simultaneously delivered to *pro se* Petitioner along with this Decision and Order.

ECF No. 46 ("Bail Decision") at 2.  "Without deciding whether Petitioner has raised substantial claims in his Petition," the Court determined that Petitioner was not entitled to bail based on his failure to satisfy the "extraordinary circumstances" prong of the *Mapp* standard.  *Id.* at 2-3. More specifically, the Court noted that the "fact that petitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance."  *Id.* at 2 (quotation marks and citation omitted).  The Court cited generally to the case of *Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981), in which the Second Circuit reversed an order granting bail and found "nothing unusual" about the petitioner's argument that, "if the habeas writ is granted, it will mean that his incarceration . . . would have been without basis," given that "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful."  Bail Decision at 2-3.

> In seeking reconsideration of the Bail Decision, Petitioner argues that the Court
>
>> mistakenly overlooked the controlling decision of *Vacchio v. Ashcroft*, 404 F.3d 663 (2d Cir. 2005) subsequent to the court's reliance on the ruling of *Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981) or in the alternative grant petitioner a Certificate [o]f Appeal for the question of whether *Vacchio v. Ashcroft*'s controlling rulings applies [*sic*] only to a certain class of citizens, non-citizens, when applying *Mapp* and whether or not its rulings are protected by the Equal Protection Clause of the U.S.C.A. 14th amendment and anything just and proper this court deems necessary.

ECF No. 48 (Notice of Motion).  *Vacchio*, which was also cited by Petitioner in his original motion for release on bail, *see* ECF Nos. 37 & 38, involved a petition for fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the context of a habeas corpus petition for release from immigration detention, *see* 404 F.3d at 665-67.  The issues in that case revolved around the interpretation of the EAJA.  As the Second Circuit explained, *Vacchio* presented "a number of complicated issues under the [EAJA] . . . , including a question of first

3

impression in the Courts of Appeals: whether a petition for a writ of habeas corpus challenging an immigration detention qualifies as a 'civil action' for the purposes of the EAJA." *Id.* at 664.

The EAJA allows for the award of fees and costs to a "prevailing party" that are "incurred by that party in any civil action (other than cases sounding in tort). . . brought by or against the United States . . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). *Vacchio* held that, in contrast to a criminal habeas proceeding, which is not deemed a "civil action" for EAJA purposes, "a habeas proceeding challenging immigration detentions constitutes a 'civil action' under the EAJA." *Id.* at 672. The Second Circuit also found that for EAJA purposes, Vacchio was a "prevailing party" in that his motion to be released on bail pending the appeal of his habeas petition—which challenged his mandatory detention under the Immigration and Nationality Act, and not his incarceration following a criminal conviction—was granted. *Id.* at 672-74. But because the Second Circuit concluded that the Government's position that Vacchio was subject to mandatory detention was "substantially justified," it affirmed the denial of Vacchio's petition for EAJA fees and costs. *Id.* at 674-77.

Although the prior grant of bail to the petitioner in connection with his immigration habeas proceeding was part of the factual background in *Vacchio*, *see id.* at 666, 673, it was discussed to provide context for the court to determine the definition of the term "prevailing party" in the EAJA statute. *Vacchio* is thus not "controlling law" that undermines or in any way contradicts the application of the standard set forth in *Mapp v. Reno* for determining when a petitioner in a criminal habeas proceeding should be granted bail. Indeed, the *Vacchio* decision cites to *Mapp* as the *appropriate* legal standard to apply in making such a determination. *See id.* at 673. Moreover, Petitioner has not presented any new evidence or argument that would alter

4

the Court's conclusion that "Petitioner has not established the existence of extraordinary circumstances that warrant the relief he seeks." Bail Decision at 2. And contrary to the suggestion in Petitioner's filings, the facts that led the Second Circuit—in an order separate from the one cited by Petitioner here—to conclude that Vacchio satisfied the elements of the *Mapp* standard are not remotely comparable to the facts presented by Petitioner in his application for bail. *See Vacchio*, 404 F.3d at 665-67, 673. Accordingly, Petitioner has failed to establish that he is entitled to the "extraordinary remedy" of reconsideration. *Hinds County*, 700 F. Supp. 2d at 407 (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration (ECF No. 48) is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 48.

Dated:  May 25, 2022
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Decision and Order has been mailed to Petitioner by Chambers.