UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J'MIN A. WARD,

Petitioner,

-against-

P. PICCOLO, *Superintendent*,

Respondent.

**OPINION AND ORDER**

20-CV-01899 (PMH)

PHILIP M. HALPERN, United States District Judge:

J'min A. Ward ("Petitioner"), in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1, "Petition"), challenges his conviction in the New York State County Court, Orange County (the "Orange County Court"), in which he pled guilty to Criminal Possession of a Controlled Substance in the First Degree (New York Penal Law § 220.21(1)) (Petition at 1), as affirmed by the Supreme Court of New York, Appellate Division, Second Department (the "Second Department"). Petitioner, in the instant Petition, contends that: i) the search warrant used to obtain the evidence underlying Petitioner's conviction lacked probable cause to constitute a violation of the Fourth Amendment; ii) the same search warrant was illegal on its face as it authorized execution of the search warrant by corrections officers, and was illegally executed by corrections officers for the benefit of the police officers at the scene; and iii) the same corrections officers proceeded to illegally arrest Petitioner, at the inception of the execution of the search warrant, and kept Petitioner under arrest before any evidence was identified, all in violation of the Fourth Amendment. (*Id.* at 5-10).

Petitioner, subsequent to filing the Petition, filed three post-conviction motions under CPLR § 440.10, requesting the following relief: i) in December 2021, Petitioner asserted a single claim of ineffective assistance of counsel, arguing that counsel's alleged ineffective assistance

resulted in denial of his motion to suppress, which was denied by the Orange County Court, with leave to appeal denied by the Second Department (the "First § 440.10 Motion") (*see* Docs. 54, 58, 60, 77-1); ii) in February 2023, Petitioner asserted claims of ineffective assistance of counsel and forgery, which were denied by the Orange County Court, with leave to appeal denied by the Second Department (the "Second § 440.10 Motion") (*see* Docs. 71-1, 71-5, 71-6, 71-7, 71-9; *see also* Report at 13, n.8, 14); and iii) in July 2023, Petitioner asserted claims for violation of his due process rights as a result of the prosecution allegedly failing to turn over *Brady* material, which were denied by the Orange County Court, with leave to appeal denied by the Second Department (the "Third § 440.10 Motion") (*see* Docs. 71-10, 71-13, 71-14, 71-16).[1]

Judge Krause, on June 6, 2026, issued a Report and Recommendation recommending: i) that the Petition be amended to include the claim raised in Petitioner's First § 440.10 Motion only; ii) denial of the Petitioner's request to amend the Petition to include the claims raised in the Second and Third § 440.10 Motions; and iii) that the Petition, as amended, be denied in full. (Doc. 84, "Report" or "R&R"). Petitioner filed objections to the R&R on July 1, 2026. (Doc. 85, "Objections"). On July 20, 2026, the Court directed Respondent to file a response to the Objections, which it did on July 21, 2026, requesting that the petition be "summarily denied" for the reasons "set forth in . . . the Report and Recommendation." (Doc. 87, "Response"). Petitioner filed an unauthorized reply on July 27, 2026. (Doc. 88, "Reply").[2]

---

[1] The Honorable Andrew E. Krause construed Petitioner's filing of these post-conviction § 440.10 motions as requests to amend the Petition to assert the claims included therein, despite Petitioner's failure to file any formal motion to amend. Judge Krause, as detailed further herein, granted in part and denied in part Petitioner's implied request.

[2] Petitioner did not request permission to file a reply, and such a filing is not expressly authorized under Federal Rule of Civil Procedure 72. *See Mordukhaev v. Daus*, No. 09-CV-05149, 2010 WL 3792191, at *1 n.1 (S.D.N.Y. Sept. 28, 2010). However, in light of the Petitioner's *pro se* status, the Court has nonetheless considered the reply, to the extent consistent with the Objections, though it adds "nothing substantial to [Petitioner's] Objection." *See WGH Comm's, Inc. v. Penachio Malara LLP*, No. 19-CV-02230, 2021 WL 535734, at *1 n.1 (S.D.N.Y. Feb. 12, 2021).

For the reasons stated below, Petitioner's Objections to the Report are overruled and the Court adopts the well-reasoned and thorough Report in full.

## BACKGROUND

The factual background of this case is set forth in detail in Judge Krause's June 26, 2026 R&R. (*See* Report at 2-14). As no party has sufficiently objected to Judge Krause's recitation of the facts of this case, the Court assumes familiarity with the facts of the case and adopts them in full. *See Olsen v. Sherry Netherland, Inc.*, No. 20-CV-00103, 2024 WL 2054816, at *1 (S.D.N.Y. May 7, 2024).

Petitioner, in May 2017, was indicted on multiple counts of criminal possession of a controlled substance and criminal use of drug paraphernalia, stemming from the April 20, 2017 execution of a search warrant at his home in Middletown, New York. (Report at 2). During the search of Petitioner's home, conducted by members of the City of Middletown Police Department and assisted by members of the Orange County Sheriff's Office's Special Operations Group, quantities of cocaine, marijuana, and crack-cocaine were recovered, along with scales and cash. (*Id.*). Petitioner initially pled not guilty to the counts listed in the indictment, and filed pre-trial motions on various grounds to controvert the search warrant utilized, and to suppress the physical evidence recovered. (*Id.* at 3). Orange County Court Judge Craig Stephen Brown ("Judge Brown"), on August 15, 2017, denied Petitioner's requested relief, but set a suppression hearing to evaluate further the role of the members of the Orange County Sheriff's Office's Special Operations Group. (*Id.* at 4).

The suppression hearing took place on November 14, 2017. (*See id.* at 4-7). Judge Brown allowed the parties to file post-hearing briefs, an opportunity which Petitioner seized. (*Id.* at 7).

Judge Brown, on December 6, 2017, and as a result of the suppression hearing and post-trial briefing, issued an Order denying the motions to suppress in full. (*Id.* at 7-8).

Petitioner, on December 7, 2017, pled guilty only to the first count in the indictment, criminal possession of a controlled substance in the first degree; confirmed that he was pleading guilty voluntarily; and on March 5, 2018, was sentenced to a determinate term of 12 years in prison with 5 years of post-release supervision. (*Id.* at 8-9). Petitioner, on or about February 13, 2019, filed a direct appeal of his judgment of conviction, which was affirmed by the Second Department on October 23, 2019. (*Id.* at 10). The New York Court of Appeals, on January 17, 2020, denied Petitioner's application for leave to appeal the Order of the Second Department. (*Id.*).

Petitioner, prior to filing his application for leave to appeal the Second Department's October 23, 2019 decision, filed a motion for leave to reargue his appeal. (*Id.*). The Second Department issued a decision on May 20, 2020, recalling and vacating its prior decision, substituting the new decision, and again affirming Petitioner's conviction in a virtually identical decision to the October 23, 2019 decision. (*Id.*). Petitioner never filed a new application for leave to appeal the new May 20, 2020 decision to the New York Court of Appeals. (*Id.* at 11).

Petitioner filed the instant Petition on February 20, 2020. (*See* Petition). Respondent filed opposition on July 29, 2020 (Docs. 19-20, "Opposition"), and Petitioner filed a reply on August 31, 2020 (Doc. 21, "Reply"), along with additional letters in support of the Petition (Docs. 39, 42, 43, 44, 69, 79, 82, 83). Judge Krause, upon receipt of Petitioner's three post-conviction motions under CPLR § 440.10, directed supplemental briefing on the viability of such motions. (Doc. 72). Accordingly, Respondent and Petitioner filed supplemental briefing on this matter. (*See* Docs. 77, 78, respectively).

Judge Krause, on June 26, 2026, issued the R&R recommending limited amendment of the Petition, and recommending that the Petition, as amended, be denied in full.[3]

**STANDARD OF REVIEW**

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)).[4] "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). "[A]ny part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*." *Nambiar v. The Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)). An objection is "proper" if it is timely and specific. *Id.* at 359. "A proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.*

**DISCUSSION**

Petitioner contends that Judge Krause erred by: (1) recommending denial of the Petitioner's request to amend the Petition to include the forgery claim raised in the Second § 440.10 Motion and *Brady* claim raised in the Third § 440.10 Motion through improper analysis of the "relation-back" doctrine, and alternatively, as to the *Brady* claim in the Third § 440.10 Motion that it was

[3] By Order dated April 20, 2020, this Court referred this case to the assigned Magistrate Judge. (Doc. 4). On October 19, 2020, the referral was reassigned to Judge Krause.

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

timely based on 28 U.S.C. § 2244(d)(1)(D) (*id.* at 11-13); (2) failing to "separately address the distinct constitutional claim embedded" in the Second § 440.10 Motion, (*i.e.*, that the "guilty plea was itself void," despite "correct[ly]" dismissing the "ineffective assistance of counsel claim from the [F]irst § 440.10 Motion") (*id.* at 21-23);[5] (3) recommending denial of Petitioner's Fourth Amendment claims through the alleged misapplication of *Stone v. Powell*, 428 U.S. 465 (1976) and *Ethridge v. Bell*, 49 F.4th 674 (2d Cir. 2022) (Objections at 2-10, 13-14, 23-29); and (4) recommending that no certificate of appealability should issue (*id.* at 15-17).[6]

When deciding a petition for writ of habeas corpus seeking relief from a decision of a state court, "a federal court cannot disturb a state court's decision on a case or issue that rests on an independent and adequate state ground." *Murray v. Noeth*, No. 21-CV-05343, 2024 WL 4350913, at *10 (S.D.N.Y. Sept. 30, 2024). "When a state court has decided a case on an independent and adequate state ground—whether substantive or procedural—[federal courts] decline to review the

---

[5] No party timely objected to Judge Krause's recommendation of denial of the ineffective assistance of counsel claim raised in the First § 440.10 Motion. In fact, Petitioner effectively concedes that Judge Krause's recommendation was "correct." (Objections at 21). Accordingly, in applying clear error review, the Court agrees with Judge Krause that the claim is barred from habeas review by Petitioner's guilty plea and adopts this portion of the Report. (*See* Report at 37-39).

[6] Petitioner includes as "Objection No. 5" the argument that this Court should, on *de novo* review, analyze Docs. 82 and 83, despite acknowledging that these filings were docketed on June 23, 2026, three days prior to the issuance of the Report (and without requesting or receiving authorization from Judge Krause). (Objections at 17). Petitioner states that while the "R&R's failure to address these arguments was not constitutional error by the Magistrate," it nevertheless "means that the record before this Court on de novo review contains constitutional arguments that no court has yet addressed," and thus, that the Court must "first address these [filings] before adopting the R&R." (*Id.* at 17-18). Petitioner raises arguments concerning the Suspension Clause and "collateral consequences," along with an additional argument relating to an alleged "representation conflict" surrounding counsel for Respondent. (Objections at 17-21; *see also* Docs. 82, 83). Even applying *de novo* review, Judge Krause's decision to simply refer to Plaintiff's eleventh-hour filings in the Report, but not specifically address the arguments therein, certainly does not constitute a reason to decline to adopt the Report. Regardless of how Docs. 82 and 83 are captioned or identified, they amount to unauthorized sur-replies to the Petition, and the Court, in its discretion and applying *de novo* review, construes them as such and declines to consider them. *See Lawtone-Bowles v. U.S. Bank Nat'l Ass'n*, No. 19-CV-05786, 2021 WL 1518329, at *1 n.3 (S.D.N.Y. Apr. 16, 2021) ("The Court need not consider a sur-reply or sur-sur-reply where permission was neither sought nor granted."). Thus, "Objection No. 5" is overruled.

state court's decision." *Garraway v. Phillips*, 591 F.3d 72, 75 (2d Cir. 2010). Claims that are decided based on independent and adequate state grounds are subject to a procedural bar. *Id.*

If, however, a habeas petitioner's claim is adjudicated on the merits, federal courts apply "the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')" to the petitioner's claims. *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006). "Applying AEDPA deference, a federal court may grant a writ of habeas corpus if the state court's adjudication on the merits 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (quoting 28 U.S.C. § 2254(d)(1)). A decision of a state court is "contrary to" clearly established federal law "if it 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law' or if it "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Id.* (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000)). For a decision of a state court to be "unreasonable," it must not just be incorrect, but must have "[s]ome increment of incorrectness beyond error." *Id.* at 243 (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

A court may also grant a writ of habeas corpus if the adjudication on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "The state court's factual findings are presumed correct unless rebutted by clear and convincing evidence." *Martinez v. Capra*, 675 F. App'x 46, 47 (2d Cir. 2017) (summary order) (citing 28 U.S.C. § 2254(e)(1)).

I. Timeliness, Petitioner's Motion to Amend, and Statute of Limitations Exceptions

A. Timeliness of Petitioner's Original Petition and § 440.10 Claims

Judge Krause found that the original Petition was timely (Report at 15, 29-30). Additionally, Judge Krause concluded, for the purposes of Petitioner's motion to amend the Petition, that the claims contained within the First § 440.10 Motion were also timely, but that the claims contained within the Second and Third § 440.10 Motions were untimely. (Report at 15, 32-33). Because no party objected to these findings, the Court reviews such findings for clear error. *Olivo*, 2021 WL 3271833, at *1 (citing *Wilds*, 262 F. Supp. 2d at 169).

Judge Krause correctly found that Petitioner's conviction became final on June 7, 2021, with Petitioner's failure to seek leave to appeal to the Court of Appeals, *i.e.*, thirty days after the Second Department's decision was served upon Petitioner. Judge Krause also considered tolling of such deadline in light of the Covid-19 Pandemic and applicable Governor's Executive Orders. (Report at 15, 29-32); *see also Quizhpe v. Superintendent of Eastern Corr. Facility*, No. 21-CV-1709, 2022 WL 5202275, at *4 (S.D.N.Y. Aug. 22, 2022), *adopted by* 2022 WL 5197319 (S.D.N.Y. Oct. 5, 2022); CPL § 460.10(5)(a). Petitioner then had one year, until June 7, 2022, to file a habeas petition challenging his conviction. *See Artuz*, 150 F.3d at 98. Petitioner filed the Petition on February 20, 2020. (*See* Petition; *see also* Report at 15). Thus, there is no clear error in Judge Krause's finding that the original Petition was timely filed.

The claim contained within Petitioner's First § 440.10 Motion, filed on December 14, 2021, is also timely. The one-year limitations period expired on January 27, 2023, in light of the tolling of the statute of limitations during "the time . . . which a properly filed application for state post-conviction or collateral review with respect to the pertinent judgment or claim is pending." (*See* Report at 32-33); *see also* 28 U.S.C. § 2244(d)(2). Petitioner's Second and Third § 440.10 Motions

were filed on February 21, 2023 and July 21, 2023, however; and thus Judge Krause properly concluded that the claims contained within each motion were untimely. (Report at 33). Accordingly, there is no clear error in Judge Krause's determination.

B. Petitioner's Motion to Amend and Statute of Limitations Exceptions

Petitioner has not objected to Judge Krause's conclusions that: i) Petitioner is not entitled to equitable tolling with respect to the untimely claims in the Second and Third § 440.10 Motions; ii) Petitioner failed to sufficiently show "actual innocence" as to his untimely claims to allow for an "equitable exception" to the applicable limitations period; and iii) 28 U.S.C. § 2244(d)(1)(D) did not serve to extend the start date of the limitations period on Petitioner's forgery claim contained within the Second § 440.10 Motion, where Petitioner "provide[d] no reason why, had he exercised due diligence," he could not have "discovered" the "factual predicate of the claim" years earlier. (Report at 33-34). The Court has reviewed these portions of the Report for clear error and having done so, finds none. *See Braunstein v. Barber*, No. 06-CV-05978, 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2002) (a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record.").[7]

Petitioner, within his "Objection No. 2," argues that the *Brady* claim within the Third § 440.10 motion "independently satisfies 28 U.S.C. § 2244(d)(1)(D)'s trigger date" because, as the "factual predicate of the *Brady* claim is the existence of a second original warrant that the

[7] Similarly, no parties object to Judge Krause's conclusion on mootness, or the decision to decline to resolve exhaustion as to Petitioner's first three claims for relief in the Petition, and determination that Petitioner procedurally defaulted on his fourth claim for relief, but nevertheless holding that the "Court may deny an application for a writ of habeas corpus 'on the merits,' notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." (Report at 17-21 (citing 28 U.S.C. § 2254(b)(2))). The Court, applying clear error review to these determinations, finds none, and adopts these portions of the Report in full. *See Braunstein*, 2009 WL 1542707, at *1.

production never disclosed," "Petitioner could not have discovered the existence" of such a document. (Objections at 12). While Petitioner made this argument below exclusively in the context of the *forgery* claim contained within the Second § 440.10 Motion (and here, failed to object to Judge Krauses's recommendation denying such argument), there is no indication that Petitioner made this argument below as to the *Brady* claim. (*See* Report at 34; Doc. 78 at 13). Accordingly, this argument is improperly made for the first time in objections to the Report and would "therefore be an improper basis to reject" the Report. *See In re Niedbalski*, No. 21-MC-00747, 2023 WL 4399003, at *2 (S.D.N.Y. July 7, 2023) (citing *Piligian v. Icahn Sch. Of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all.")). In any event, even upon a *de novo* review, Petitioner's "objection," is overruled, as the explanation provided, that Judge Krause's analysis was "circular and unsound," does not explain away Petitioner's failure to sufficiently show the requisite "due diligence" as to why he could not have requested the copy of the search warrant earlier than June 1, 2022. (*See* Doc. 78 at 13; Doc. 77 at 13-14). The Court overrules Petitioner's "objection" on this ground.

Petitioner has, however, raised a timely objection to Judge Krause's finding that the untimely forgery claim raised in the Second § 440.10 Motion and untimely *Brady* claim raised in the Third § 440.10 Motion do not "relate-back" to the claims raised in the Petition, and subsequent refusal to grant leave to amend the Petition to add these claims. (Report at 35-39; Objections at 11-13). The Court reviews Judge Krause's findings and determination *de novo*, and upon such

review, agrees with Judge Krause's denial of leave to amend as to these claims within the Second and Third § 440.10 Motions.[8]

Once it has been determined that claims proposed to be added to an anticipated amended petition are untimely within the scope of 28 U.S.C. § 2255(f)(1), the petition may only be amended to add the untimely claims "if the new claims 'relate-back' to the original petition, meaning that they 'arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Ozsusamlar v. U.S.*, Nos. 10-CV-06655, 02-CR-00763, 2013 WL 4623648, at *3 (S.D.N.Y. Aug. 29, 2013). Notably, it is well-settled that it is insufficient "for a claim to simply come from the same 'trial, conviction, or sentence.'" Rather, "relation back" is only permitted where "the original and [proposed] amend[ments] . . . state claims that are tied to a common core of operative facts." *See Mayle v. Felix*, 545 U.S. 662-64 (2005).

Petitioner's claims contained within the Petition are that: i) the search warrant used to obtain the evidence underlying Petitioner's conviction lacked probable cause to constitute a violation of the Fourth Amendment; ii) the same search warrant was illegal on its face as it authorized execution of the search warrant by corrections officers, and was illegally executed by corrections officers for the benefit of the police officers at the scene; and iii) the same corrections officers proceeded to illegally arrest Petitioner, at the inception of the execution of the search warrant, and kept Petitioner under arrest before any evidence was identified, all in violation of the Fourth Amendment. (Petition at 5-10). Petitioner's objections surround the forgery claim

---

[8] The parties failed to timely object to Judge Krause's recommendation that the Petition be deemed amended to include the ineffective assistance of counsel claim contained within the timely First § 440.10 Motion. Similarly, the parties also failed to object to Judge Krause's recommendation denying Petitioner's motion to amend as to the untimely ineffective assistance of counsel claim contained within the Second § 440.10 Motion because it does not sufficiently "relate-back" to the Petition. (*See* Report at 35-37; *see also* Objections at 11-13). Accordingly, upon applying clear error review, the Court determines that Judge Krause's recommendations set forth above were proper. (*See* Report at 35; *see also Braunstein*, 2009 WL 1542707, at *1).

contained within the Second § 440.10 Motion, *i.e.*, that the alleged forged search warrant produced at the suppression hearing constituted "false evidence submitted for the basis for defendant's conviction" (Doc. 71-1 at 26-28), and the alleged *Brady* violation contained within the Third § 440.10 Motion, *i.e.*, that the prosecution affirmatively withheld knowledge of the existence of "two different copies" of the search warrant and withheld producing certified versions of these copies and an associated affidavit (Doc. 71-10 11-15).

Petitioner argues that the claims within the Petition and the untimely forgery/*Brady* claims are in fact, "tied to a common core of operative facts," namely, the "[search] warrant itself," and thus are sufficiently related to fall within the operative exception (Objections at 85). However, Petitioner improperly conflates the validity and actual execution of the search warrant (claims within the Petition) with the manner of presentation of the search warrant during the suppression hearing and production of copies of the search warrant, or lack thereof (untimely claims within the Second and Third § 440.10 Motions). The new untimely claims do not share a "common core of operative facts" with the original claims, as they are not connected in time sufficient to constitute a "clear temporal and factual connection," and are actually "separate episode[s] entirely." *See Ozsusamlar*, 2013 WL 4623648, at *4 (quoting *William v. Marshall*, No. 09-CV-07411, 2011 WL 1334849, at *4 (S.D.N.Y. Mar. 30, 2011)).

Accordingly, upon *de novo* review, the Court adopts Judge Krause's analysis and recommendation (Report at 35-37), and overrules Petitioner's objections on this ground.

II. Petitioner's Objection to the Report's Failure to Separately Address on the Merits the "Distinct Constitutional Claim" Contained in the Second § 440.10 Motion

Petitioner objects on the grounds that Judge Krause did not "separately address" the constitutional claim "embedded" in the Second § 440.10 Motion, and that such a claim was "not an ineffective assistance of counsel claim," but rather, a "direct challenge to the legal authority of

the court to accept the plea." (Objections at 21). However, and regardless of how the claim is labeled (though Petitioner does identify it as "judgment . . . obtained in violation of defendant's constitutional right; the effective assistance of counsel during the critical plea bargaining process" (Doc. 71-1 at 5)), Judge Krause did in fact address this claim. He determined that: i) it was untimely on its face, having been included in the Second § 440.10 Motion, as detailed above; and ii) the Petition could not be amended to include this claim because it did not "relate back" to the claims raised in the Petition. (Report at 33, 35-37).

Untimeliness operates as a procedural bar that precludes federal courts from reaching the merits of the underlying constitutional claims in habeas petitions. *See Cosey v. Lilley*, 62 F.4th 74, 77 (2d Cir. 2023) (habeas petitioner was required to establish the actual innocence exception to the one-year time limit "to have his otherwise time-barred constitutional claim heard on the merits."). An untimely claim is a "permanent and incurable" bar, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and cannot be corrected, *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003). A federal district court must first determine, as a threshold issue, whether the petitioner has complied with the procedural requirements before reviewing the merits of a state criminal judgment in a habeas proceeding. *Visich v. Walsh*, No. 10-CV-04160, 2013 WL 3388953, at *9 (S.D.N.Y. July 3, 2013). A procedural bar based on AEDPA's limitations period typically precludes merit review unless equitable tolling or other exceptions, such as actual innocence, are shown. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004).

Judge Krause correctly concluded, as discussed *supra*, that none of the equitable tolling exceptions, including the "relation-back" doctrine, applies here. Accordingly, Judge Krause was correct in declining to reach the merits of Petitioner's alleged "embedded" constitutional claim

contained within the Second § 440.10 Motion, after concluding the claim was untimely and the Petition could not be amended. Petitioner's objection is thus overruled.

III. Petitioner's Fourth Amendment Claims Regarding the Purported Defective Search Warrant, its Execution, and False Arrest

Petitioner argues here that Judge Krause misapplied *Stone v. Powell* and *Ethridge v. Bell* in recommending that all four claims raised in the Petition be dismissed as not "cognizable on habeas review," since Petitioner had a "full and fair opportunity to litigate these claims" and there was no "unconscionable breakdown" that occurred in the underlying process that "precluded Petitioner in any way from using New York's corrective procedures." (Report at 22-25). Petitioner maintains that the suppression hearing held below in fact did not provide a "full and fair opportunity to litigate" because the "specific constitutional defects [] present[ed]" were "never established on an adequate evidentiary basis" during the suppression hearing; that the application of the *Stone v. Powell* analysis to Petitioner's unlawful arrest claim was improper; and that Judge Krause failed to address "three independent constitutional defects" allegedly demonstrating the constitutional inadequacy of the suppression hearing. (*See* Objections at 2-10, 13-14, 26-29). For the reasons set forth below, the Court, upon a *de novo* review and application of *Stone v. Powell*, agrees with Judge Krause that Petitioner's Fourth Amendment claims be denied, and accordingly, adopts the R&R in full as to these claims.

The main thrust of Petitioner's fourth amendment claims is that Petitioner was "deprived of a full and fair opportunity to litigate the claim[s]," due to an "unconscionable breakdown" in the underlying corrective process. (Objections at 2-5). However, "mere dissatisfaction or disagreement with the outcome of a [Fourth Amendment] suppression motion is not sufficient" to satisfy the carveouts for habeas review of Fourth Amendment claims. *See Hayes v. Lee*, No. 11-CV-01365, 2015 WL 5943677, at *9 n.10, *37 n.36 (S.D.N.Y. Oct. 13, 2015) ("Fourth

Amendment claims are only cognizable on habeas review, then, if the state 'provided no corrective procedures at all to address fourth amendment violations,' or the defendant was 'precluded from using that mechanism because of an unconscionable breakdown in the underlying process'"); *see also Cook v. Donnelly*, No. 02-CV-06073, 2009 WL 909637, at *5 (W.D.N.Y. Mar. 31, 2009). Additionally, examples of breakdowns that can be deemed sufficiently "unconscionable" include "bribing of a trial judge, the government's knowing use of perjured testimony, or the use of torture to extract a guilty plea, all without opportunity to obtain state review." *Fawzi v. Kopp*, No. 18-CV-03158, 2024 WL 5224704, at *5 (S.D.N.Y. Dec. 24, 2024).

Here, Petitioner plainly availed himself of the state court procedure at multiple stages, utilizing pre-trial motion practice on multiple occasions at the trial court level, attempting to controvert the search warrant, and requesting a *Darden* hearing, among other requests, all of which were rejected on the merits (Doc. 20-1 at 30-31, 89); and at the Second Department which similarly denied Petitioner's Fourth Amendment arguments on the merits (*see, e.g.*, Doc. 20-2 at 19-40, 76-101; Doc. 20-3 at 26-29). The trial court additionally ordered a hearing prior to decision on the pre-trial motion practice, affording Petitioner opportunity for cross-examination and post-hearing briefing—only then did the trial court issue the decision rejecting Petitioner's pretrial motion. (*See* Doc. 20-1 at 89; *see generally* Doc. 20-8, "Suppression Hearing Transcript"). Based on the above, and in light of the general Second Circuit approval of "New York's procedure for litigating Fourth Amendment claims," Petitioner certainly "made full use of all corrective procedures available to him," as Judge Krause correctly determined. (Report at 22). Additionally, that Petitioner specifically opted not to raise the Fourth Amendment false arrest arguments in the underlying action and motion practices, does not foreclose application of the *Stone v. Powell* analysis, despite Petitioner's arguments otherwise (Objections at 13-14). Petitioner had every chance to include

such an argument in his various pre-trial and omnibus motions, and failure to do so is not evidence of a lack of "corrective procedures" or an "unconscionable breakdown." *See Robles v. Lempke*, No. 09-CV-02636, 2011 WL 9381499, at *19 (E.D.N.Y. Sept. 9, 2011) ("The bar to habeas relief exists as long as the petitioner had the *opportunity* to litigate a Fourth Amendment Claim, 'whether or not he or she took advantage of the state's procedure.'" (citing *Graham v. Costello*, 299 F.3d 129, 133-34 (2d Cir. 2002))).

Petitioner's attempt to distinguish between the state court "reach[ing] the wrong result on a complete record," and the suppression hearing being "constitutionally incomplete" holds no water here. Petitioner, in either event, is simply expressing "mere dissatisfaction or disagreement with the outcome" of his suppression hearing, which is insufficient to constitute an "unconscionable breakdown" such as the "knowing use of perjured testimony, or the use of torture to extract a guilty plea." *See Fawzi v. Kopp*, 2024 WL 5224704, at *5. Petitioner's argument, in a similar vein, that the trial court's failure to conduct a *Darden* hearing constituted an "unconscionable breakdown" also has no merit, as it is well-settled that this type of argument is "insufficient to establish the sort of unconscionable breakdown necessary for the Court to address Petitioner's Fourth Amendment claims." *See Gomez v. Miller*, No. 19-CV-01571, 2021 WL 5446979, at *10 (N.D.N.Y. Nov. 22, 2021) (collecting cases). Consequently, Petitioner's contention that such a "failure" is a "constitutional defect in the corrective process that *Stone v. Powell* does not reach," is unpersuasive.[9]

---

[9] Petitioner's additional arguments surrounding the trial court's alleged "fail[ure]" to properly apply the "*Aguilar-Spinelli*" test to determine whether the search warrant was based on probable cause, and the alleged "fatal nexus defect" of the location of the search warrant (Objections at 25-27), are arguments that go to the merits of the underlying litigation. The Court need not reach them here as the record indicates that Petitioner had a "full and fair opportunity" to present these arguments below (and apparently did), and no "unconscionable breakdown" is present. *See Capellan v. Riley*, 975 F.2d 72 (2d Cir. 1992). Petitioner's "actual innocence" argument, citing to *Schlup v. Delo*, 513 U.S. 298 (1995) is similarly unpersuasive—the

Accordingly, upon *de novo* review, the Court finds that Judge Krause correctly recommended that Petitioner's fourth amendment claims be denied, and adopts this portion of the R&R in full. (Report at 21-25).[10]

IV. Certificate of Appealability

Finally, Judge Krause found that "none of the issues decided in this habeas proceeding present questions of substance for appellate review," and recommended that "a certificate of probable cause should not issue." (Report at 47). Petitioner objects to Jude Krause's recommendation (Objections at 14-17), and thus, the Court reviews such recommendation *de novo*. *Nambiar*, 158 F.4th at 359.

A certificate of appealability may issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, for the reasons discussed above and in the Report, Petitioner has failed to make this showing. Accordingly, upon *de novo* review, the Court adopts Judge Krause's recommendation, and thus, no certificate of appealability shall issue.

---

Court, upon *de novo* review, has identified nothing that convinces it that "a constitutional violation [exists that] has probably resulted in the conviction of one who is actually innocent." (*See* Objections at 27-29).

[10] The Court has reviewed Petitioner's remaining arguments in "Objection No. 1," and finds that the Court need not reach them. (Objections at 2-3, 6-10). Specifically, Petitioner's "notice" arguments (*id.* at 2-3) are improper objections as they were not raised by Petitioner before Judge Krause, and the Court declines to consider them for the first time here. *See Kennedy v. Trs. of the Testmentary*, No. 08-CV-08889, 2026 WL 2949415, at *2 (S.D.N.Y. Sept. 30, 2026) ("[A] district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). Petitioner's arguments concerning the "heightened AEDPA standard," *i.e.*, whether the underlying state courts "unreasonabl[y] appli[ed]" "clearly established Supreme Court precedent," need not be applied considering the Court's adoption of Judge Krause's *Stone v. Powell* analysis to bar Petitioner's habeas relief as to the claims contained within the Petition. *See Singh v. Miller*, No. 02-CV-06578, 2003 WL 22964388, at *5 (E.D.N.Y. Sept. 19, 2003) (upon determination that "[p]etitioner was not denied a full and fair opportunity to litigate his Fourth Amendment claim . . . [f]urther review in this court is precluded pursuant to *Stone*.").

## CONCLUSION

Petitioner's Objections to the Report are overruled, and the Court adopts the Report in its entirety. In light of the above, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order is not taken in good faith, and therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: White Plains, New York
October 19, 2026

PHILIP M. HALPERN
United States District Judge